IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRYANT GILLISON, on behalf
of himself and all persons similarly situated,
known and unknown,

        Plaintiff,

v.

PANGEA VENTURES, LLC
d/b/a PANGEA REAL ESTATE,

        Defendant.

## COMPLAINT AT LAW

Plaintiff Bryant Gillison, by and through his attorneys Chicago Lawyers' Committee for Civil Rights Under Law, Inc. and Caffarelli & Siegel Ltd. complains against Defendant Pangea Ventures, LLC d/b/a Pangea Real Estate as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") for Defendant's failure to pay minimum wages due to Plaintiff during his employment. Defendant has violated the FLSA by failing to pay Plaintiff and other similarly-situated persons the minimum wage.

2. Plaintiff also brings a claim under the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1, *et seq.* ("IMWL"), for Defendant's failure to pay the minimum wage.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois in the Northern District of Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff was employed by Defendant as a security guard from approximately July, 2010 until approximately April 24, 2013.

6. Plaintiff resides in Chicago, Illinois, in this judicial district.

7. Defendant Pangea Ventures LLC ("Pangea") is an Illinois corporation engaged in the real estate management business, doing business in Chicago, Illinois as Pangea Real Estate. It is located at 640 N. LaSalle St., Chicago, Illinois, in this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant in or about July, 2010 and remained employed by Defendant until on or about April 24, 2013.

9. Throughout his employment, Plaintiff worked for Defendant as a security guard at the Presidential Towers location in Chicago, Illinois.

10. During the three (3) years preceding the filing of this Complaint, Plaintiff was entitled to be paid at least the minimum wage for all hours worked.

11. During the three (3) years preceding the filing of this Complaint, Defendant failed to pay Plaintiff at least the minimum wage for all hours worked.

12. Defendant was aware of its obligation to pay non-exempt hourly workers at least the minimum wage, and intentionally chose not to pay Plaintiff accordingly.

13. Defendant acted in bad faith in failing to properly compensate Plaintiff for the work he performed.

**COUNT I**
**Violation of the Fair Labor Standards Act**

14. Plaintiff re-alleges and incorporates Paragraphs 1 – 13 as though fully set forth herein.

15. Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated at the minimum wage for all hours worked during his employment with Defendants.

16. Defendant failed to pay Plaintiff at the minimum wage for all hours worked.

17. Defendant's failure to compensate Plaintiff Bryant Gillison at the minimum wage for all hours worked is a violation of the FLSA.

18. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a Plaintifff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 206-207. Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a collective action under the Fair Labor Standards Act.

19. All past and present employees of Defendant who performed non-exempt work for Defendant at the Presidential Towers location and were not paid the minimum wage are similarly-situated to Plaintiff.

20. Defendant knew its obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendant's failure to properly compensate Plaintiff is a willful violation of the FLSA.

21. As a direct and proximate result thereof, there is due to Plaintiff back wages and liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff Bryant Gillison respectfully requests that this Court enter judgment in his favor and enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid compensation;

d) Awarding reasonable attorneys' fees and awarding costs incurred in filing this action; and

e) Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law

22. Plaintiff re-alleges and incorporates Paragraphs 1 – 21 as though fully set forth herein.

23. Plaintiff Bryant Gillison was an employee of Defendant who was not paid the minimum wage as required under the IMWL during his employment with Defendant.

24. Pursuant to 820 ILL. COMP. STAT. 105/4, Plaintiff Bryant Gillison was entitled to be paid the minimum wage for all hours worked during his employment with Defendant.

25. Defendants failed to pay Plaintiff Bryant Gillison the minimum wage for all hours worked.

26. Pursuant to 820 ILL. COMP. STAT. 105/12(a), Plaintiff Bryant Gillison is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Bryant Gillison respectfully requests that this Court enter judgment in his favor and enter an order as follows:

a) Awarding judgment in the amount of back pay equal to the amount of all unpaid compensation due for violations of the IMWL;

b) Awarding prejudgment interest on the back wages in accordance with 815 ILL. COMP. STAT. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: August 20, 2013                    Respectfully submitted,

                                          PLAINTIFF BRYANT GILLISON


                                          By: /s/ Madeline K. Engel
                                              One of the Attorneys for Plaintiff


Alejandro Caffarelli
Madeline K. Engel
Caffarelli & Sigel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231

Paul Strauss
Chicago Lawyers' Committee for Civil Rights
  Under Law, Inc.
100 N. LaSalle St., Suite 600
Chicago, IL 60602
(312) 202-3649